IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN SCOTT HILL,                    §
                                    §
                                    §
        *Pro se* Plaintiff,         §
                                    §
VS.                                 §   CIVIL ACTION H-10-1506
                                    §
JACOBS ENGINEERING GROUP, INC.      §
and SABIC AMERICAS, INC.,           §
                                    §
            Defendants.             §

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction and alleging slander per se, injury to *Pro se* Plaintiff John Scott Hill's profession, and intentional infliction of emotional distress resulting from a negative performance evaluation given by his employers, Defendants Jacobs Engineering Group, Inc. ("Jacobs") and Sabic Americas, Inc. ("SAI), is SAI's motion to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6)(instrument #23), filed on November 22, 2010. Plaintiff has failed to file a response.

**Plaintiff's First Amended Complaint (#20)**

Plaintiff, who holds a Bachelor's degree in Mechanical Engineering from Lamar University and passed the Fundamentals of

-1-

Engineering Exam on his first try, represents that he is a Houston resident with over ten years of professional engineering experience and "enjoyed an excellent professional reputation."   He was employed by Jacobs as Project Engineer on the Saudi Elastomers Project at 5995 Rogerdale Road, Houston, Texas 77072, from December 1, 2008 to March 19, 2009.   Jacobs is headquartered in Pasadena, California, while SAI is headquartered in Houston Texas.   Plaintiff alleges that on January 22, 2009 Jacobs, through its employees Tracie Griffitt and Uday Reddy, and SAI, through its employee Zuhair Al-Shawaf (Assistant Butyl Project Manager of Saudi Elastomers Project), presented Plaintiff with a document entitled "Documentation of Discipline," falsely alleging "numerous technical, administrative, and other types of mistakes" that Plaintiff purportedly made that negatively affected the Saudi Elastomers Project on which Plaintiff was working.[1]   Plaintiff

---

[1]   Specifically Plaintiff identifies the following as defamatory statements in the "Document of Discipline":

1.   Plaintiff failed to ensure/did not understand the technical integrity of the project and did not comply with Project Scope.
2.   Plaintiff failed to ensure/did not understand the technical integrity of the project, and did not comply with the Project Specifications.
3.   Plaintiff failed to ensure/did not understand the technical integrity of the project of the project, and did not comply with Accepted Good Engineering Practices.
4.   Plaintiff failed to ensure/did not understand the technical integrity of the project, and did not comply with Jacobs Internal Work Procedures.
5.   Plaintiff failed to ensure/did not understand the technical integrity of the project, and did not comply

-2-

states that he was not only removed from his position as Project Engineer, but was prohibited from contacting any of his co-workers or the client.  Moreover he was moved to another engineering position that would not lead to the same length of employment as plaintiff would have enjoyed had he remained as Project Engineer on the first phase of the Saudi Elastomers Project.  He further claims that Defendants' defamation of him, suggesting Plaintiff was guilty of gross professional misconduct, constituted slander per se and

---

with Clients' work processes.
6.   Plaintiff failed to ensure/did not understand the technical integrity of the project, and did not comply with Project Estimates.
7.   Plaintiff failed to ensure/did not understand the technical integrity of the project, and did not comply with the overall Budget.
8.   Plaintiff does not grasp the Engineering Execution Work Process.
9.   Plaintiff does not grasp Engineering work instructions.
10.  Plaintiff does not apply an efficient work process to complete assigned work tasks.
11.  Plaintiff's computer skills, specifically Microsoft Office, seems to be lacking.
12.  Plaintiff failed to provide adequate control and checking of a project document titled "Actions Items List."
13.  Plaintiff took an excessive amount of time to complete a document called a "Project Deliverables Matrix."
14.  Plaintiff interfaced with the Client on multiple occasions (without the express support and consent) of management.
15.  Plaintiff interfaced with the Client on multiple occasions with inappropriate subjects.
16.  Plaintiff does not understand project priorities or tasks assigned–specifically plaintiff sought a construction consultant for project which defendant claims was unnecessary.

ultimately led to his dismissal from the company on March 19, 2009. He further claims that he has been unable since to secure employment as a Project Engineer. He complains that he suffered shame, embarrassment, humiliation, mental pain, and anguish and asserts that he has and will in the future be seriously injured in his business reputation, good name, and standing in the community and will face the contempt of his co-workers, business associates, clients, friends and relatives. He seeks over four million dollars in actual damages since his dismissal on March 18, 2010, as well as future loss of income, pre- and post-judgment interest, costs of suit and any further relief to which he may be entitled.

## Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5th Cir. Mar. 15, 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127

-4-

S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ___ F.3d ___, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to

allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 2010 WL 3081504 at * 3, *quoting Twombly*, 550 U.S. at 555, 570.

Furthermore, the plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5TH Cir. 1980).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-

0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

"[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)(and citations therein).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.

[citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its fact . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

### SAI'S Motion to Dismiss with Prejudice (#23)

SAI argues that Plaintiff's claims against it should be dismissed because Plaintiff has failed to state a viable claim against SAI.

First, Plaintiff's defamation claim is based solely on an unfavorable evaluation given to him by Jacobs, which is protected by qualified privilege.  Statements about an employee's work performance made to a person who had an interest in the matters communicated are protected by a qualified privilege. *See Austin v. Inet Technologies, Inc.*, 118 S.W. 3d 491, 497 (Tex. App.--Dallas 2003, no pet.); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W. 2d 640, 646-47 (Tex. 1995)(holding qualified privilege extends to statements made to supervisors and fellow employees involving employee's misconduct incident); *Schauer v. Mem'l Care Sys.*, 856 S.W. 2d 437, 449-50 (Tex. App.--Houston [1st Dist.] 1993, no writ)(concluding qualified privilege extends to employee's performance appraisal reviewed by supervisors), *disapproved of on other grounds by Huckabee v. Time Warner Entertainment Co., L.P.*, 19 S.W. 3d 413, 423 (Tex. 2000).  SAI contends that Plaintiff

cannot recover based on the statements about his performance as a Project Engineer identified by Plaintiff as slander without overcoming the qualified privilege by showing that the statements were made with malice. *Randall's Food Mkts.*, 891 S.W. 2d at 646 ("Proof that a statement was motivated by actual malice existing at the time of publication defeats the privilege."). Because Plaintiff has failed to make such a claim, the defamation claim should be dismissed, insists SAI.

Furthermore the complaint states that the evaluation with its alleged defamatory statements was given to Plaintiff on January 22, 2009, more than a year before March 18, 2010, the date Plaintiff filed this action in state court, so the defamation/libel/slander claim is time-barred by the one-year statute of limitations for defamation. Tex. Civ. Prac. & Rem. Code § 16.002(a)("A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage no later than one year after the day the cause of action accrues."). As a matter of law, the court should dismiss a defamation claim filed more than a year after the defamatory comments were made. *Grogan v. Sav. of Am., Inc.*, 118 F. Supp. 2d 741, 756 (S.D. Tex. 1999)(granting summary judgment because under Texas law, "a one-year statute of limitations applies to defamation claims, with the claim accruing when the words are spoken and the injury occurs"), *aff'd*, 202 F.3d 265 (5th Cir. Nov. 11, 1999)(unpublished); *Ross v. Awkwright Mut. Ins. Co.*, 892 S.W. 2d

119, 131 (Tex. App.--Houston [14th Dist.] 1994)(affirming summary judgment because a libel or slander claim accrues on the date of communication or publication).

SAI also argues that Plaintiff fails to state a viable claim for intentional infliction of emotional distress, which is a "gap-filler" tort intended to be used only in rare circumstances where there is no other legal recourse. *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W. 2d 62, 68 (Tex. 1998).  It was not intended to "supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Creditwatch, Inc. v. Jackson*, 157 S.W. 3d 814, 816 (Tex. 2005)(holding that plaintiff employee's claims were covered under the Texas Commission on Human Rights Act ("TCHRA") and therefore intentional infliction of emotional distress was not an available claim even if the TCHRA claim was barred by the statute of limitations).  Otherwise a plaintiff could resuscitate a time-barred claim, such as the defamation claim here, and circumvent the applicable statute of limitations claim.

SAI notes that to recover for intentional infliction of emotional distress a plaintiff must show that (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress was severe. *Smith v. Hennington*, 249 S.W. 3d 600, 605 (Tex. App.--Eastland

2008, pet. denied), *citing Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W. 3d 788, 796 (Tex. 2006). Conduct is "extreme and outrageous" only if its is "so outrageous in character and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kroger Tex.*, 216 S.W. 3d at 796. A claim for intentional infliction of emotional distress cannot be based on ordinary employment disputes concerning matters such as criticism, lack of recognition, and poor performance evaluations. *GTE Southwest, Inc. v. Bruce*, 998 S.W. 2d 605, 613 (Tex. 1999); *Grogan v. Sav. of Am., Inc.*, 118 F. Supp. 2d 741, 757 (S.D. Tex. 1999).

### Court's Decision

### 1. Intentional Infliction of Emotional Distress

The Court agrees with SAI that Plaintiff's complaint fails to state a claim for intentional infliction of emotional distress. It is for the court to determine initially as a matter of law whether a defendant's conduct was extreme and outrageous. *Wornick Co. v. Casas*, 856 S.W. 2d 732, 734 (Tex. 2005); *Bradford v. Vento*, 48 S.W. 3d 749, 758 (Tex. 2001); *Richard Rosen, Inc. v, Medivil*, 225 S.W. 3d 181, (Tex. App.--El Paso 2005, pet. denied). Only if the court determines that reasonable minds could differ, should the issue go to the jury. *Tiller v. McClure*, 121 S.W. 3d 709, 713 (Tex. 2003). Moreover, it is well established that a claim for intentional infliction of emotional distress does not lie for ordinary

-12-

employment disputes, including "criticism, lack of recognition, and low evaluations, which, although unpleasant and sometimes unfair, are ordinarily expected in the work environment." *GTE Sw.*, 998 S.W. 2d at 612-13. Although an employer's conduct in the workplace may be unpleasant for the employee, an employer must have some discretion to supervise, review, criticize, demote, transfer and discipline its workers. *Texas Farm Bureau Mut. Ins. Co. v. Sears*, 83 S.W. 3d 604, 611 (Tex. 2002). Moreover termination of employment, even if it was wrongful, is not legally sufficient evidence to establish that an employer's conduct was extreme and outrageous. *Sw. Bell Mobile Sys., Inc. v. Franco*, 971 S.W. 2d 52, 54 (Tex. 1998).

The Court concludes that as a matter of law the criticism of Plaintiff's work performance by his employer in the "Documentation of Discipline" is not "so outrageous in character and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kroger Tex.*, 216 S.W. 3d at 796. Plaintiff has failed to state a claim for intentional infliction of emotional distress.

## 2. Defamation, Libel, Slander

The Court also agrees that Plaintiff's claims for libel/slander/defamation based on the statements in the "Documentation of Discipline" are time-barred by the one year statute of limitations, Tex. Civ. Prac. & Rem. Code Ann. §

16002(a).[2]  There is no issue here of fraudulent concealment or the discovery rule to toll that period: Plaintiff states that he received the "Documentation of Discipline" on January 22, 2009; the record reflects this action was filed on March 18, 2010.

### Order

Accordingly, for these reasons the Court

ORDERS that SAI's motion to dismiss the claims against it with prejudice is GRANTED, and SAI is DISMISSED from this action.

Moreover, because the same claims are made against Jacobs, as a matter of law for the same reasons Plaintiff fails to state a claim against it.  Therefore the Court

ORDERS that Plaintiff's claims against Jacobs are also DISMISSED with prejudice, and this case is CLOSED.

**SIGNED** at Houston, Texas, this  27th  day of  June , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not address the issue of an employer's qualified privilege for communication of the reasons for its personnel decisions as a shield from defamation allegations because the privilege raises issues that cannot be determined on a motion to dismiss, e.g.,  whether the communication was made carelessly or with malice or in bad faith or whether the communication was passed only to persons having an interest or duty in the matter to which the communications relate.  *Randall's Food Mkts.*, 891 S.W. 2d at 646; *Mars, Inc. v. Gonzalez*, 71 S.W. 3d 434, 437 (Tex. App.--Waco 2002, pet. denied).